**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Joseph Litchfield, | No. CV 06-0416-PHX-JAT (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

In this civil rights action brought by a *pro se* inmate, Defendants moved to dismiss (Doc. #12) for lack of exhaustion. Plaintiff failed to respond. The Court will grant Defendants' motion.

**I. Background**

Plaintiff filed a 42 U.S.C. § 1983 action alleging that Defendants Joseph Arpaio, Capt. Peterson, Maricopa County Board of Supervisors, and Maricopa County violated his constitutional rights due to (1) overcrowding; (2) an inadequate and tainted diet; (3) denial of outside recreational opportunities; and (4) the failure to allow inmates access to the grievance system (Doc. #1). The Court dismissed Maricopa County Board of Supervisors and Maricopa County, and ordered Defendants Arpiao and Peterson to answer the Amended Complaint (Doc. #7). Defendants subsequently filed a Motion to Dismiss, arguing that Plaintiff failed to exhaust his administrative remedies (Doc. #12). Attached to the motion were (1) an affidavit of Sergeant Susan Fisher, a Hearing Officer with Inmate discipline and

grievances; (2) the Maricopa County Inmate Grievance Procedures; and (3) the Maricopa County Rules and Regulations for Inmates (Id.).

## II. Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so). Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendants filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #13). Despite these warnings, Plaintiff has failed to respond to the motion. Plaintiff's failure to respond may be construed as a consent to the granting of the motion. However, out of an abundance of caution, the merits of Defendants' motion will be addressed.

## III. Legal Standard on Motion to Dismiss

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

1     Defendants bear the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." <u>Id.</u> at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." <u>Wyatt</u>, 315 F.3d at 1120.

**IV. Analysis**

    An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. An inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final (Doc. #12, exs. A, B).

    Fisher attested that detention officers pass out grievances as part of their daily shift duties, and inmates receive a grievance form upon request (<u>Id.</u> ex. 1). Fisher further attested that Plaintiff failed to file any grievance appeals (<u>Id.</u>).

    Defendants established the existence of a grievance system to which Plaintiff failed to fully avail himself. In his Complaint, Plaintiff conceded the existence of a grievance system, but alleged that inmates who wish to file a grievance were denied due process (Doc. #1). However, that bare statement is insufficient to demonstrate that there were no available remedies. <u>Brown v. Valoff</u>, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, Defendants' Motion to Dismiss will be granted.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #12) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 12th day of February, 2007.

_____
James A. Teilborg
United States District Judge